IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM R. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 324-026 |
| | ) | |
| SHAWN GILLIS, Warden, | ) | |
| | ) | |
| Respondent.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Wheeler Correctional Facility in Alamo, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, Plaintiff's various motions be **DENIED** as **MOOT**, (doc. nos. 2, 4-5, 8-12), and this civil action be **CLOSED**.

**I.     BACKGROUND**

The procedural history of Petitioner's underlying case, as well as the exact nature of his claims for federal habeas relief, are not entirely clear, but the Court can discern the following. Petitioner alleges he has been wrongfully confined since March 26, 2020, at Wheeler Correctional Facility without cause. (Doc. no. 1, Ex. 1, p. 1.) In the instant petition,

---

[1] The Court **DIRECTS** the Clerk of Court to substitute Shawn Gillis, current Warden of Wheeler Correctional Facility - Petitioner's place of incarceration at the time he filed his petition - as the proper Respondent. See Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d).

Petitioner concedes he has a pending state habeas corpus appeal in the Supreme Court of Georgia, in which he presents the "same issues" he raises in the instant petition. (See doc. no. 1, p. 12 (listing "Supreme Court of Georgia . . . case no. S24H0698")); see also Supreme Court of Georgia Docket System, available at https://www.gasupreme.us/docket-search (search by case number for "S24H0698", last visited June 4, 2024) (hereinafter "S24H0698 Dkt.").[2] Petitioner maintains he is "nearing exhaustion of every remedy in the State," and seeks to hold the instant petition in abeyance pending resolution of the Georgia Supreme Court habeas corpus proceeding. (Doc. no. 1, Ex. 1, p. 1.)

II.     DISCUSSION

    A.     **The Exhaustion Requirement**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an

---

[2] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

2

opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process.  As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan, 526 U.S. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (ruling that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies").  This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest

court of the state has not opted out of this requirement. See O'Sullivan, 526 U.S. at 847-48. Lastly, as a general proposition, "when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277.

B.   **Petitioner Failed to Exhaust State Remedies**

Petitioner concedes he currently has a state habeas corpus appeal pending in the Supreme Court of Georgia, which addresses the same issues as the instant petition. (Doc. no. 1, Ex. 1, p. 1); see also S24H0698 Dkt. Thus, it is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging his sentence or modifications to that sentence, resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented

with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[3]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Here, there is no indication of unreasonable delay or refusal to address a claim such that this Court should disregard the exhaustion requirement. Petitioner's certificate of probable cause to appeal was filed in the Supreme Court of Georgia on February 15, 2024, and his brief in support of his appeal was filed March 13, 2024, only one month before he filed the instant petition. See S24H0698 Dkt. Petitioner has not alleged or offered any evidence of undue delay in his state proceedings. Allowing Petitioner to simultaneously pursue writs in both state court and federal court would clearly violate principles of comity. See Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983) (dismissing a § 2254 where the petitioner had appeal regarding the same claim ongoing in a Florida state court). As Petitioner has not exhausted available state

---

[3] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

court remedies and, as described *infra*, application of the stay and abeyance procedure is not appropriate, his federal habeas corpus petition should be dismissed without prejudice so he can first give the state courts "one full opportunity" to address his claims.

### C. Application of the Stay and Abeyance Procedure Is Not Appropriate

Although Petitioner concedes he has not exhausted all of his state court remedies, he has not demonstrated that application of the stay and abeyance procedure is appropriate. See Rhines, 544 U.S. at 275-79. The requirements of Rhines may be summarized as follows: "A district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines, 544 U.S. at 277-78); Isaac v. Augusta SMP Warden, 470 F. App'x 816, 819 (11th Cir. 2012) (*per curiam*) (recognizing three requirements from Rhines as appropriate for consideration of applicability of stay and abeyance procedure).

However, the stay and abeyance procedure should only be used in limited circumstances because it has the potential to (1) frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) undermine "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. If the district court determines a stay and abeyance is not appropriate, it should "allow the petitioner to delete the unexhausted claims and to proceed with the

6

exhausted claims *if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.*" Id. at 278 (emphasis added).

To begin, it does not appear Petitioner has filed a mixed petition. Petitioner states he raised the "same issues" in the instant petition as he did in the case currently pending before the Supreme Court of Georgia, which suggests his instant petition consists solely of unexhausted claims. (Doc. no. 1, p. 13.) Even if Petitioner has filed a mixed petition, he has not demonstrated good cause under the first prong of Rhines for failing to exhaust his claims in state court. As the Supreme Court of Georgia docket in Petitioner's case reflects, the state courts are clearly an available forum for Petitioner to pursue such claims. See S24H0698 Dkt. Petitioner offers no explanation as to why the content of his instant petition renders it "mixed" or why he failed to exhaust his state court remedies before filing the instant petition. Rather, he appears to misunderstand the purpose of the stay and abeyance procedure for habeas corpus relief. (See doc. no. 1, Ex. 1, p. 1 (stating Petitioner hopes the filing of the instant petition and application of stay and abeyance procedure will facilitate "immediate relief from [his] capt[ors]").)

There is a four-year statute of limitations in Georgia for seeking state habeas relief, see O.C.G.A. § 9-14-42(c), and there is a one-year statute of limitations for federal habeas corpus relief, see, 28 U.S.C. § 2244(d)(1). However, Petitioner does not need an order from this Court holding his federal petition in abeyance while he pursues state habeas relief because a properly filed state petition filed prior to the expiration of the one-year federal deadline tolls the time for filing a federal petition.[4] Notably, however, preemptively filing a federal petition does *not*

---

[4] However, should Petitioner not file for any post-conviction relief or other collateral review within the meaning of § 2244(d)(2) prior to the expiration of AEDPA's one-year statute of limitations, a subsequent state court filing will not help Petitioner with his statute of limitations because no time period will remain to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline

toll the statute of limitations, as the Supreme Court has ruled federal habeas petitions do not constitute "other collateral review" within the meaning of § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181 (2001). Thus, the pendency of current federal petition does not toll Petitioner's federal statute of limitations. See id.

As Petitioner has not shown good cause for failing to raise his unexhausted claims in state court, he cannot satisfy the three prongs set forth in Rhines, making application of the stay and abeyance procedure inappropriate in this case.[5] Moreover, even if the current federal filing is a mixed petition, dismissing it will not "unreasonably impair" Petitioner's right to obtain federal relief, as his habeas corpus proceedings in the Supreme Court of Georgia are ongoing, meaning he is not in immediate danger of running afoul of AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d).

In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added). Nor has Petitioner argued, let alone shown, that dismissal of his entire petition would unreasonably impair his right to obtain federal relief such that deleting unexhausted claims and proceeding with the exhausted claims is necessary to protect his right to obtain federal relief. See Rhines, 544 U.S. at 278. Accordingly, because Petitioner has not exhausted the claims raised in this federal petition and has raised his claims in a state habeas corpus petition that may provide the relief sought or cause to excuse any otherwise procedurally

---

has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

[5] Because Petitioner cannot meet the "good cause prong" of Rhines, the Court does not reach the "potentially meritorious" or "dilatory litigation tactics" prongs.

defaulted claims, Petitioner's request to hold the case in abeyance should be denied, (doc. no. 1), and the action should be dismissed without prejudice for failure to exhaust. See Reedman, 305 F. App'x at 546.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.  Moreover, because none of Plaintiff's allegations contained in his various motions change the Court's recommendation this case be dismissed for failure to exhaust, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions be **DENIED** as **MOOT**.  (Doc. nos. 2, 4-5, 8-12.)

SO REPORTED and RECOMMENDED this 12th day of June, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA