IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

JUL 12 2024

FILED

| | | |
|---|---|---|
| WILLIAM R. JACKSON, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV 324-026 |
| TYRONE OLIVER, Commissioner, Georgia Department of Corrections, | ) ) ) ) | |
| Respondent.[1] | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 16.) Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** the instant petition, brought pursuant to 28 U.S.C. § 2254, without prejudice, and **DENIES** as **MOOT** Petitioner's motions, (doc. nos. 2, 4-5, 8-12, 17).

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of her application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the

---

[1] Upon review of the record, the Court notes Petitioner is currently incarcerated at Wheeler Correctional Facility, a private prison operated by a corporation pursuant to a contract with the Georgia Department of Corrections. Stephens v. Laughlin, No. CV 115-151, doc. no. 7 (S.D. Ga. Jan. 18, 2017) (explaining "private prison" relationship between Wheeler Correctional Facility and Georgia Department of Corrections). Accordingly, the Court **DIRECTS** the **CLERK** to substitute Commissioner Tyrone Oliver as the proper Respondent. See Turner v. Oliver, No. CV 122-132, doc. no. 9 (S.D. Ga. June 28, 2023) (explaining Commissioner is proper Respondent in private prison context under O.C.G.A. § 42-2-6 and Rule 2(a) of the Rules Governing Section 2254 Cases).

applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 12th day of July, 2024, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2